Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ADM. VIVIENDA PÚBLICA, DEPTO. DE LA VIVIENDA, rep. Por MJ CONSULTING & DEVELOPMENT, INC.<br><br>Apelada<br><br>v.<br><br>JUDITH LÓPEZ RIVERA<br><br>Apelante | TA2025AP00351 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala de CAGUAS<br><br>Caso Núm.: CY2024CV00096<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de octubre de 2025.

El 19 de septiembre del año en curso, Judith López Rivera (en adelante, la parte apelante) compareció ante este Tribunal de Apelaciones por medio de un recurso de *Apelación*. En este, nos solicitó la revocación de la *Sentencia Final* emitida el 10 de septiembre de 2025, notificada en autos el día 11.[1] Por virtud del aludido dictamen, el Tribunal de Primera Instancia, Sala Superior de Cayey (TPI) declaró Ha Lugar la demanda por desahucio tras determinar que la demandada no cualifica para los beneficios de vivienda pública y ordenó el desalojo de la Unidad o de cualesquiera pertenencias a la fecha.

Hemos evaluado dicho escrito, así como los documentos que lo acompañaron. También, hemos estudiado el expediente judicial en SUMAC, sobre el cual tomamos conocimiento judicial. Tras así hacer, y conforme nos autoriza a hacer la Regla 7(b)(5) del Reglamento del Tribunal

---

[1] Véase, Entradas Núm. 1 y 2 del expediente de este Tribunal. El día 18 de septiembre de 2025 a las 11:34pm, hubo una deficiencia al cargar el recurso de *Apelación*, el cual fue presentado debidamente el día 19 de septiembre de 2025 a las 12:03am.

de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), a los fines de propiciar un eficiente despacho prescindimos de la comparecencia de la parte apelada. Así pues, y en consideración del derecho aplicable que adelante expondremos, conforme a las disposiciones de la Regla 83(C) de nuestro Reglamento, *supra*, **desestimamos** el recurso por falta de jurisdicción. Veamos.

**-I-**

*A.*

"La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". S.L.G. Solá–Moreno v. Bengoa Becerra, 182 DPR 675, 682 (2011). Es norma reiterada en nuestro ordenamiento que la falta de jurisdicción sobre la materia no es susceptible de ser subsanada. S.L.G. Solá–Moreno v. Bengoa Becerra, *supra;* S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 883 (2007). La jurisdicción no se presume. La parte tiene que invocarla y acreditarla toda vez que, previo a considerar los méritos de un recurso, el tribunal tiene que determinar si tiene facultad para entender en el mismo. Soc. de Gananciales v. A.F.F., 108 DPR 644 (1979). Lo anterior tiene el propósito de colocar al tribunal apelativo en condición de examinar su propia jurisdicción, lo cual es su obligación. Ghigliotti v. A.S.A., 149 DPR 902 (2000).

Además, los tribunales tenemos siempre la obligación de ser guardianes de nuestra propia jurisdicción, pues sin jurisdicción no estamos autorizados a entrar a resolver los méritos del recurso. Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345 (2003). Esto, incluso cuando ninguna de las partes invoque tal defecto. *Íd.* Los asuntos jurisdiccionales son materia privilegiada, por lo que deben ser resueltos con preferencia. Vega et al. v. Telefónica, 156 DPR 584, 595 (2002). Al determinarse que carecemos de jurisdicción, lo único que se puede hacer es así declararlo y desestimar el recurso. *Íd.*

En virtud de, la Regla 83(B) y (C) del Reglamento, *supra*, se le confiere autoridad al tribunal para desestimar un recurso por cualquiera de las siguientes circunstancias:

Regla 83 — Desistimiento y desestimación

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) **que el Tribunal de Apelaciones carece de jurisdicción;**

(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

(5) que el recurso se ha convertido en académico.

(C) El Tribunal de Apelaciones, **a iniciativa propia**, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente. (Énfasis suplido).

*B.*

El desahucio es el remedio que tiene el propietario de un inmueble arrendado para recobrar judicialmente su posesión. <u>Markovic v. Meldon y Fitzgerald</u>, 2025 TSPR 99, 216 DPR __ (2025); <u>Adm. Vivienda Publica v. Vega Martínez</u>, 200 DPR 235, 240 (2018). El desahucio puede solicitarse en un proceso ordinario o en un proceso sumario.

El Código de Enjuiciamiento Civil dispone la normativa establecida en cuanto al procedimiento especial de desahucio sumario. 32 LPRA sec. 2821, *et sec.* Este carácter sumario responde al interés del Estado de atender con agilidad la reclamación del dueño de un inmueble que ha sido impedido de ejercer su derecho a poseer y disfrutarlo. <u>Cooperativa v. Colón Lebrón</u>, 203 DPR 812, 820 (2020); <u>Adm. Vivienda Pública v. Vega Martínez</u>, *supra*. Habida cuenta de ello, tal proceder sumario permite limitar y acortar ciertos términos y prescindir de ciertos trámites del proceso ordinario, sin que ello conlleve suprimir o negar al demandado oportunidad real de

presentar sus defensas durante el litigio. <u>Turabo Ltd. Partnership v. Velardo Ortiz</u>, 130 DPR 226, 241-245 (1992). Así pues, a tenor con el Art. 623 del Código de Enjuiciamiento Civil, *supra*, un pleito de desahucio se promueve por medio de una demanda redactada conforme a lo prescrito para un pleito ordinario bajo las Reglas de Procedimiento Civil.[2] No obstante, las partes deberán comparecer dentro de un término reducido; se deberá celebrar el juicio dentro de los diez (10) días siguientes a la fecha en que se presentó la reclamación. *Íd.* Desfilada la prueba, el tribunal debe dictar sentencia declarando si procede o no el desahucio dentro de un término mandatorio no mayor de diez (10) días.[3]

El fin principal del proceso de desahucio es recuperar la posesión material de una propiedad inmueble mediante el lanzamiento o expulsión del arrendatario o precarista que la ocupa. <u>ATPR v. SLG Volmar-Mathieu</u>, 196 DPR 5, 10 (2016). Por eso, el Art. 725 del Código Civil de Puerto Rico establece que la persona con derecho a poseer un bien tiene acción para promover el juicio de desahucio contra cualquier poseedor sin derecho a poseer.[4]

Las controversias que se pueden dilucidar en el procedimiento sumario de desahucio son limitadas, pues lo único que se pretende recobrar es la posesión del inmueble. <u>Markovic v. Meldon y Fitzgerald</u>, *supra*; <u>Crespo Quiñones v. Santiago Velázquez</u>, 176 DPR 408, 413-414 (2009). Es decir, no se pueden dilucidar cuestiones de titularidad en un procedimiento de desahucio. *Íd.* No obstante, cuando la parte demandada presenta otras defensas afirmativas, puede solicitar que el procedimiento de desahucio se convierta al trámite ordinario, permitiendo la concurrencia o consolidación de otras acciones o defensas. <u>ATPR v. SLG Volmar-Mathieu</u>, *supra*.

---

[2] 32 LPRA sec. 2824.
[3] 32 LPRA sec. 2826.
[4] 31 LPRA sec. 7863.

Conforme con estos principios, el Código de Enjuiciamiento Civil, *supra*, dispone, además, un procedimiento de apelación distinto al de un pleito ordinario. Por un lado, las apelaciones deben interponerse dentro de un término de cinco (5) días laborables, contados a partir de la fecha de archivo en autos de copia de la notificación de la sentencia.[5] Asimismo, como parte de su sentencia el tribunal debe fijar una fianza en apelación, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de apelación. 32 LPRA sec. 2832.

Ahora bien, **este recurso de apelación solo se perfecciona si, en el término referido, el demandado presta una fianza por el monto que sea fijado por el Tribunal de Primera Instancia**. Surge claramente de este articulado que:

> No se admitirá al demandado el recurso de apelación si no otorga fianza, *por el monto que sea fijado por el tribunal*, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de apelación; pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en Secretaría el importe del precio de la deuda hasta la fecha de la sentencia. (Énfasis nuestro). Art. 630 del Código de Enjuiciamiento Civil, *supra.*

Cónsono con ello, el Art. 631 del Código de Enjuiciamiento Civil, *supra*, dispone que cuando la acción de desahucio esté fundamentada en la falta de pago, "será deber del demandado consignar en la Secretaría del Tribunal de Primera Instancia el importe de todos y cada uno de los cánones de arrendamiento que vayan venciendo u otorgar fianza, a satisfacción del tribunal, para responder del importe de todos y cada uno de dichos arrendamientos". (Énfasis nuestro). 32 LPRA sec. 2835.

En cuanto a la importancia de que el foro de primera instancia cumpla con la obligación de fijar la cuantía de modo que el demandado pueda ejercer su derecho a apelar, el Tribunal Supremo ha establecido:

> De acuerdo con lo que dispone el Código de Enjuiciamiento Civil, en los casos de desahucio **el demandado tiene que prestar una**

---

[5] 32 LPRA sec. 2831; Véase también: Regla 68.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.1; Markovic v. Meldon y Fitzgerald, *supra*; Mora Dev. Corp. V. Sandín, 118 DPR 733, 750 (1987).

**fianza como requisito para presentar su recurso de apelación de la sentencia que se dictó en su contra. El requisito que obliga a un demandado a prestar una fianza en apelación es jurisdiccional** en todo tipo de pleito de desahucio, aun si no se funda en la falta de pago. (Énfasis suplido). ATPR v. SLG Volmar-Mathie, *supra*, en la pág. 11.

Al respecto, nuestro Máximo Foro ha reiterado que la fianza no solo existe para garantizar los pagos adeudados, sino también para cubrir los daños que resulten de mantener congelado el libre uso de la propiedad mientras se dilucida la apelación. *Íd*; Crespo Quiñones v. Santiago Velázquez, *supra*.

Así pues, por medio de la Ley Núm. 378-2000 (2000 [Parte 2] Leyes de Puerto Rico 2082) se estableció que el Tribunal de Primera Instancia es el llamado a fijar una fianza, como **requisito previo y jurisdiccional a la radicación del recurso de apelación**. (Énfasis suplido). Markovic v. Meldon y Fitzgerald, *supra*; ATPR v. SLG Volmar-Mathieu, *supra*. Dicha ley enmendó el Art. 630 del Código de Enjuiciamiento Civil, *supra*, para disponer que sea ese tribunal, y no el Tribunal de Apelaciones, quien determine la cuantía. Nótese, a diferencia de este foro colegiado como tribunal de récord, en el Tribunal de Primera Instancia es que se desfila la prueba necesaria para evaluar el posible daño que se busca cubrir. Véase Exposición de Motivos de la Ley Núm. 378-2000, *supra*.

Por otro lado, a pesar de que la prestación de fianza es un requisito jurisdiccional para apelar la sentencia de desahucio, se ha reconocido como excepción los casos en que la probada insolvencia económica ha sido reconocida por el Tribunal. Reyes Santaella v. Toledo Santana, 2025 TSPR 76, 216 DPR __ (2025); Bucaré Management v. Arriaga García, 125 DPR 153, 158–159 (1990). En tales casos, al ser declarado insolvente por el Tribunal, el demandado estará exento de otorgar fianza pues su condición económica le impide cumplir con ese requisito. En estos casos, requerir la fianza significaría una condición imposible de cumplir, por lo que prevalece el interés del Estado en garantizar el acceso a los tribunales. Crespo Quiñones

v. Santiago Velázquez, *supra*, en la pág. 414. En fin, es deber del Tribunal de Primera Instancia fijar el monto de la fianza que el demandado debe otorgar o en la alternativa, eximirle de tener que prestar la fianza debido a su insolvencia. Véase ATPR v. SLG Volmar-Mathieu, *supra*.

A esos fines el Tribunal Supremo ha expresado que, el efecto de que el tribunal no fije el monto de la fianza en la sentencia es que ésta no será final debido a la falta de un elemento fundamental requerido por ley. Por lo tanto, al carecer de finalidad, el término jurisdiccional de cinco (5) días para apelar no empieza a transcurrir hasta que el Tribunal de Primera Instancia establezca la cuantía o, en la alternativa, exima al demandado de tener que prestar la fianza. Reyes Santaella v. Toledo Santana, *supra*; ATPR v. SLG Volmar-Mathieu, *supra*, en la pág. 15.

Al no surgir de la sentencia del TPI ninguna determinación en cuanto a la fianza, procede devolver el asunto al foro de instancia para que enmiende la sentencia, a los fines de fijar la fianza o, en la alternativa, determinar si la parte apelante figura como exenta de prestarla debido a su insolvencia. Hasta que ello no ocurra, "[e]l término jurisdiccional para apelar no comenzará a transcurrir [...] y [se] archive en autos copia de la notificación de la sentencia enmendada". ATPR v. SLG Volmar-Mathieu, *supra*, en la pág. 16.

**-II-**

Según establecimos al exponer el derecho aplicable, en los casos de desahucio, para poder presentar un recurso de apelación de la sentencia, el demandado tiene que prestar una fianza. Como también indicamos, este requisito es uno jurisdiccional en todo tipo de caso, aun si no se funda en falta de pago. Esto, pues la fianza no existe solo para garantizar los pagos adeudados, sino los daños resultantes. La cantidad a prestarse como fianza debe ser fijada por el TPI y no es hasta que esta cuantía se establezca o a que

se exima a la parte demandada de prestarla que el plazo para acudir en apelación comienza a transcurrir.[6]

En el caso de autos, la sentencia fue dictada el 10 de septiembre de 2025 y notificada el día 11. Habiéndola examinado, notamos que la misma no incluye el monto de la fianza que la apelante debía prestar para perfeccionar su recurso de apelación.[7] Por lo tanto, a tenor con la normativa previamente expuesta, la falta de este elemento esencial causa que el dictamen apelado carezca de finalidad. El término jurisdiccional de cinco (5) días para apelar no ha comenzado, ni empezará a transcurrir hasta que el TPI establezca la cuantía de la fianza en apelación que debe prestarse o, en la alternativa, exima a la parte demandada de tener que hacerlo.

En vista de lo anterior, solo contamos con facultad para declarar la ausencia de jurisdicción y así lo hacemos.

**-III-**

Por los fundamentos que anteceden, se desestima el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] Véase, Markovic v. Meldon, *supra,* al citar a ATPR v. SLG Volmar-Mathie, *supra*
[7] La apelante tampoco consignó el balance pendiente de pago por los cánones adeudados de forma tal que su recurso haya quedado perfeccionado ante nos. *Id.*