Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| | | |
|---|---|---|
| MANUEL FIGUEREDO RACET, JEANETTE RÍOS<br>Apelados<br><br>v.<br><br>JOSÉ LUIS MIRANDA (HIJO), JOSÉ MIRANDA (PADRE)<br>Apelantes | TA2025AP00722<br><br>consolidado con<br><br>TA2025AP00721 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Municipal de Toa Alta / Corozal<br><br>Caso Núm. TO2025CV01273, TO2025CV01272<br><br>Sobre: Desahucio |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

## **SENTENCIA**

En San Juan, Puerto Rico, a 23 de enero 2026.

Comparecen José Miranda, y José Luis Miranda, padre e hijo respectivamente, (en conjunto, señores Miranda o apelantes), mediante sendos recursos de *Apelación*[1] solicitando que revoquemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Municipal de Toa Alta, (TPI), el 16 de diciembre de 2025. Mediante su dictamen el foro primario declaró Ha lugar una *Demanda de desahucio y cobro de dinero* presentada en contra de los apelantes, como arrendatarios de un inmueble. A tenor, el TPI ordenó que se desocupara la propiedad arrendada y el pago de lo debido. En específico, se estableció la cantidad a pagar en dos mil ciento sesenta dólares ($2,160.00), además de imponerse una fianza de diez mil dólares ($10,000.00), pagadera esta previo a la presentación de un recurso de apelación.

Los apelantes acuden ante nosotros esgrimiendo varios señalamientos de error, pero uno de estos requiere nuestra inmediata

---

[1] Mediante Resolución de 30 de diciembre de 2025 ordenamos la consolidación de los recursos identificados con los alfanuméricos TA2025AP00721 y 722, respectivamente.

consideración, por cuanto trata de un tema jurisdiccional, relativo a la falta de pago de la fianza establecida para acudir ante nosotros, por presuntamente ser excesiva. Según es sabido, las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *Mun. San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

Adelantamos que no tenemos jurisdicción para considerar los recursos de apelación instados, ante la ausencia de información en el expediente judicial que sostenga la presunta falta de capacidad económica para efectuar el pago de la fianza impuesta, o siquiera rebajarla.

## I. Resumen del tracto procesal

El señor Manuel Figueredo Racet y la señora Jeanette Ríos (los apelados), presentaron *Demanda* de desahucio *pro se* contra el señor Miranda-padre el 2 de octubre de 2025, y contra el señor Miranda-hijo, el 3 de octubre de 2025, respectivamente. Alegaron ser dueños de un inmueble en el municipio de Dorado, que arrendaron a los apelantes mediante contrato escrito, estableciéndose un canon mensual de $750.00. Aseveraron que dicho contratado se encontraba vencido, no deseaban renovarlo y necesitaban la propiedad.

Una vez el Tribunal emitió el *Emplazamiento y citación por desahucio*, citó a las partes para celebrar el juicio en su fondo, el 21 de octubre de 2025.

No obstante, los apelantes comparecieron mediante una moción que intitularon *De representación legal*, aseverando que no se sometían a la jurisdicción del Tribunal, por cuanto no habían sido debidamente emplazados. La representación legal de los apelantes sería ostentada por la licenciada E. N. Villalba Ojeda.

Ante lo cual, los apelados instaron una *Moción informativa*, afirmando haber dejado los documentos del emplazamiento a los apelantes en el Tribunal.

En cualquier caso, y según se recoge en *Minuta* transcrita el 24 de octubre de 2025,[2] fue celebrada *Vista sobre Desahucio,* el 21 de octubre de 2025, a la cual comparecieron los apelados-demandantes, no así los apelantes. Sin embargo, la abogada de los señores Miranda sí compareció y, una vez reiteró que sus representados no se estaban sometiendo a la jurisdicción del Tribunal, arguyó sobre la falta de jurisdicción en las personas de sus clientes, al no haber sido debidamente emplazados. A ello ripostaron los apelados afirmando tener la evidencia sobre el diligenciamiento efectuado, que entregaron en ese momento al Tribunal. Una vez verificada tal documentación, el TPI determinó que los señores Miranda fueron debidamente emplazados. Por tanto, la abogada de los apelantes solicitó que dicho dictamen se hiciera mediante resolución, y que la vista de desahucio fuera celebrada en noviembre de 2025, por causa de sus vacaciones. El foro primario accedió a esta petición, dejando pautada la vista para el 3 de noviembre de 2025.

Surge del expediente del Tribunal que, el 3 de noviembre de 2025, dicho foro emitió una *Resolución Interlocutoria* determinando que, luego de haber recibido la prueba documental pertinente al diligenciamiento de los emplazamientos de los apelantes, concluyó que estos habían sido debidamente emplazados.[3]

Entonces, según pautada, se procedió a celebrar *Vista por desahucio por falta de pago.* En esta ocasión comparecieron, una vez más, los apelados-demandantes, pero no así los apelantes. Sin embargo, estos últimos sí contaron con su representación legal, que tuvo oportunidad de repetir su argumentación sobre la alegada falta de emplazamientos de sus clientes. A esto el foro primario indicó que, en la vista de 21 de octubre de 2025, ya se había dispuesto de dicha controversia, determinándose que los apelantes habían sido debidamente emplazados, por lo que no se detendría más sobre el asunto. Con todo, se citaría nuevamente el caso

---

[2] Entrada Núm. 5 de SUMAC.
[3] Entrada Núm. 8 de SUMAC.

para dar oportunidad al Hon. Rafael J. Parés Quiñones que anejara la referida *Resolución* y fuera notificada. La vista de desahucio quedó entonces pautada para el 24 de noviembre de 2025.

Llegada la fecha de esta última citación a vista, el Tribunal ordenó la consolidación de los casos, y reseñaló la vista de desahucio para el 16 de diciembre de 2025.

El mismo día en que se ordenó la celebración de la vista, 16 de diciembre de 2025, los apelantes presentaron sus respectivas contestaciones a demandada, a través de la misma abogada. En estas, alegaron no haber sido emplazados, negaron las alegaciones contenidas en la Demanda, y afirmaron no haber renunciados a las defensas afirmativas *no renunciables*.

En efecto, la vista en su fondo sobre desahucio fue celebrada en la fecha pautada, el 16 de diciembre de 2025. Surge de la Minuta[4] levantada en esta etapa que, nuevamente, los señores Miranda no comparecieron, y, esta vez tampoco su representación legal al ser llamado el caso. El abogado de los apelados sí estuvo presente, junto a sus representados. Este se dirigió al Tribunal para señalar que: era la cuarta vista sobre desahucio que se celebraba sin que los apelantes estuvieran presentes; que mediaba una orden interlocutoria en la que se dispuso que los apelantes habían sido debidamente emplazados; en consecuencia, solicitó que se les anotara la rebeldía.

El Tribunal accedió a la solicitud de anotación de rebeldía y decidió llevar a cabo la vista en su fondo bajo tales circunstancias.

Surge que, ya iniciada la vista, compareció la abogada de los apelantes, excusando su tardanza, pero sin justificar ni excusar la incomparecencia de sus representados, por lo que el Tribunal continuó el proceso en rebeldía. Además, el Tribunal permitió a la abogada de los apelantes que permaneciera en sala y participara de la vista. Durante la continuación del testimonio del demandante, **la abogada de los apelantes**

---

[4] Entrada Núm. 26 de SUMAC.

**estipuló dos asuntos**: 1) que sus representados dejaron de pagar los cánones mensuales desde septiembre 2025, (lo que coincidía con el testimonio que ya había prestado la parte demandante); 2) y el documento que acreditaba que el demandante era el dueño de la propiedad arrendada.[5] Entonces, luego de aquilatar la prueba documental y testifical[6] presentada por los apelados, el tribunal *a quo* admitió enmendar la Demanda para incluir como causa de acción el pago de los cánones de arrendamiento desde que se inició la causa de acción, y emitió la *Sentencia* cuya revocación nos solicitan los apelantes, declarando *Ha Lugar* las demandas consolidadas, el 17 de diciembre de 2025. En concordancia, ordenó a los apelantes: que desocuparan la propiedad en o antes del 31 de diciembre de 2025; el pago de dos mil ciento sesenta dólares ($2,160.00) por los cánones dejados de pagar; más el pago de una fianza de diez mil dólares ($10,000.00) previo a la presentación de un recurso de apelación.

Inconformes con las determinaciones del TPI, los señores Miranda presentaron una moción, que titularon *Urgente sobre tres asuntos,* el 23 de diciembre de 2025. En síntesis, adujeron que: la fianza impuesta era excesiva; habían estipulado la escritura que establece a uno de los demandantes como codueño; también estipularon haber dejado de pagar los cánones de arrendamiento desde que iniciaron los procesos para el desahucio; solicitaron determinaciones de hecho y derecho adicionales.

El TPI la declaró No Ha Lugar tal petición el 29 de diciembre de 2025.

Insatisfechos, el mismo 29 de diciembre de 2025 los señores Miranda instaron sendos recursos de *Apelación,* señalando la comisión del siguiente error:

---

[5] Es de ver que, aunque los apelantes habían alzado un argumento sobre presunta falta de jurisdicción sobre la persona, por falta de emplazamiento, (que el TPI expresamente rechazó mediante Resolución), de todos modos, la participación de la representación legal de estos en la referida vista, estipulando prueba, resulta en un acto sustancial cuyo resultado es el de haberse sometido voluntariamente a la jurisdicción de dicho foro.
[6] La prueba testifical consistió en el testimonio de ambos apelados.

**PRIMER ERROR:** Cometió error el Honorable Tribunal de Primera Instancia al declarar HA LUGAR la demanda en ausencia de parte indispensable, sin jurisdicción sobre la persona, al permitir enmiendas a la demanda en corte abierta, al fijar una fianza excesiva que priva al apelante de su derecho a que su sentenciara [*sic*] se pueda revisar por lo que la misma resulta nula y sin efectividad., [*sic*] todo esto en violación al debido proceso de ley.

Dicho escrito fue acompañado de una *Moción en Auxilio de Jurisdicción*, solicitando que se redujera sustancialmente la fianza impuesta o, en la alternativa, que se dispusieran medidas menos onerosas que permitieran el acceso efectivo al foro apelativo.

En atención a ello, un Panel Especial de este Tribunal de Apelaciones emitió una *Resolución* concediendo la paralización solicitada.

En respuesta, los apelados presentaron un *Alegato de la Parte Apelada*, aduciendo que este tribunal no ostenta jurisdicción para atender el recurso presentado, puesto que los apelantes no habían pagado la fianza impuesta.

Con el beneficio de la comparecencia de las partes, disponemos del recurso ante nuestra consideración.

## II. Exposición de Derecho

### A. Jurisdicción

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Pueblo v. Rivera Ortiz*, 209 DPR 402 (2022); *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 372, 385 (2020); *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014). Tanto los foros de instancia como los foros apelativos tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Horizon Media v. Jta. Revisora, RA Holdings*, supra, pág. 234; *Shell v. Srio. Hacienda*, 187 DPR 109, 122-123 (2012). Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás

asuntos. *Mun. San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

Cuando el tribunal carece de jurisdicción sobre la materia, las consecuencias son las siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Pueblo v. Rivera Ortiz*, supra, pág. 414; *Fuentes Bonilla v. E.L.A. et al.*, 200 DPR 364, 372-373 (2018).

**B. Desahucio**

Las normas sobre la acción de desahucio proceden de los Artículos 601 a 637 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821 a 2838. Este es un procedimiento de carácter sumario que responde al interés del Estado de atender con prioridad la causa de acción del dueño de un inmueble que ve interrumpido su derecho a poseer y disfrutar de su propiedad. *Turabo Ltd. Partnership v. Velardo Ortiz*, 130 DPR 226, 234–235 (1992); *Mora Dev. Corp. v. Sandín*, 118 DPR 733, 749 (1987); *C.R.U.V. v. Román*, 100 DPR 318, 321 (1971). El objetivo principal de esta acción especial es recuperar la posesión de hecho de una propiedad inmueble mediante el lanzamiento o expulsión de un precarista o un arrendatario que la detente sin cumplir con las condiciones acordadas sobre el canon de arrendamiento. *Telesforo Fernández & Hno., Inc. v. Pérez,* 79 DPR 244 (1956).

Las sentencias dictadas en procedimientos de desahucio sumario son susceptibles de apelación. Art. 628 del Código de Enjuiciamiento Civil, 32 LPRA 2830. De aquí que la parte inconforme con una determinación adversa en este contexto puede interponer un recurso de apelación, en el término jurisdiccional de cinco (5) días, contados desde la fecha de archivo

en autos de la notificación de la sentencia. Art. 629 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2831; *Adm. Vivienda Pública v. Vega Martínez*, 200 DPR 235 (2018).

No obstante, resulta esencial para el perfeccionamiento del recurso apelativo la prestación de fianza. Sobre el particular, el Art. 630 del Código de Enjuiciamiento Civil, dispone lo siguiente:

> **No se admitirá al demandado el recurso de apelación si no otorga fianza**, por el monto que sea fijado por el Tribunal, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de apelación; pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en Secretaría el importe del precio de la deuda hasta la fecha de la sentencia. 32 LPRA sec. 2832. (Énfasis suplido).

Es decir, en los casos de desahucio el demandado tiene que prestar una fianza como requisito para presentar un recurso de apelación de la sentencia que se dictó en su contra. *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 408, 413 (2009). Corresponde al TPI fijar la fianza, como paso previo y jurisdiccional a la presentación de un recurso de apelación. *Id.* Con precisión, por virtud de la aprobación de la Ley Núm. 378-2000, la cual enmendó el Art. 630 el Código de Enjuiciamiento Civil, *supra*, se dispuso que sea el tribunal, y no el Tribunal de Apelaciones, quien determine la cuantía de la fianza. *ATPR v. SLG Volmar-Mathiieu*, 196 DPR 5, 12 (2016).

**El requisito que obliga a un demandado a prestar una fianza en apelación es jurisdiccional en todo tipo de pleito de desahucio, aun si no se funda en la falta de pago.** *Crespo Quiñones v. Santiago Velázquez*, supra, pág. 413; *Blanes v. Valldejuli*, 73 D.P.R. 2, 5 (1952). (Énfasis suplido). La razón es obvia: **la fianza no existe para garantizar únicamente los pagos adeudados, sino también los daños resultantes de mantener congelado el libre uso de la propiedad afectada mientras se dilucida la apelación**. *Crespo Quiñones v. Santiago Velázquez*, supra, págs. 413-414. (Énfasis suplido). Por lo tanto, si el demandado no presta la referida fianza ni consigna los cánones adeudados cuando el desahucio se funde en la falta de pago, el Tribunal de

Apelaciones no adquiere jurisdicción para atender el recurso de apelación. *Id.*

No obstante, aquellos demandados **cuya insolvencia económica ha sido reconocida por el tribunal, están exentos de cumplir con dicho requisito,** pues su situación económica les imposibilita satisfacerlo. *Crespo Quiñones v. Santiago Velázquez*, supra, pág. 414; *Bucaré Management v. Arriaga García*, 125 D.P.R. 153, 158 (1990); *Molina v. C.R.U.V.*, 114 D.P.R. 295, 297–298 (1983). (Énfasis y subrayado suplidos). Solo están exentos de prestar la fianza aquellos apelantes que hayan sido declarados insolventes por el Tribunal de Primera Instancia, a los fines de litigar libre de pago. *Id.*, pág. 414; *Bucaré Management v. Arriaga García*, 125 DPR 153, 158 (1990). Esta norma es cónsona con la intención del legislador de garantizar el acceso a los tribunales de los litigantes insolventes. *ATPR v. SLG Volmar-Mathiieu,* supra, pág. 12; *Crespo Quiñones v. Santiago Velázquez*, supra.

## III. Aplicación del Derecho a los hechos

Según ya indicado, antes de considerar cualquiera de los asuntos alzados por los apelantes, nos corresponde dirimir una controversia puntual de carácter jurisdiccional; si podemos considerar los recursos de apelación instados, a pesar de los apelantes no haber consignado el pago de la fianza impuesta por el TPI. Contestamos en la negativa.

Como datos mínimos, valga reiterar que contra los apelantes recayó un dictamen adverso luego de seguido el proceso sumario previsto para casos sobre desahucio, según lo concibe el Código de Enjuiciamiento Civil. Como consecuencia, el foro apelado ordenó la expulsión de estos del inmueble, el pago de lo debido, e impuso una fianza de diez mil dólares para poder apelar, a tenor con el Art. 630 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2832.

Es un hecho incontrovertido que los apelantes no consignaron el pago de la fianza impuesta, a pesar del TPI haber establecido en la Sentencia apelada el monto o cuantía a pagar. No obstante, estos oponen

que, previo a la imposición de la fianza, el TPI no hizo escrutinio de las circunstancias económicas ni de salud de los demandados, habiéndose alegado la existencia de un menor y de una persona de edad avanzada, 63 años.

Según resaltado, nuestro Tribunal Supremo ha exceptuado el pago previo de una fianza como condición para presentar un recurso de apelación, cuando la **insolvencia económica de los demandados haya sido reconocida por el tribunal**. *Crespo Quiñones v. Santiago Velázquez*, supra, pág. 414. (Énfasis y subrayado suplidos). Sin embargo, examinada cada instancia o documento constituyente del expediente del TPI en el caso ante nuestra consideración, incluyendo las minutas de las vistas allí celebradas, hay una absoluta ausencia de datos que sostengan una alegada insolvencia económica de los apelantes o siquiera sirva para valorar sus circunstancias económicas, las que fueren. Es decir, no encontramos rastro alguno en el expediente judicial relativo a la condición económica de los apelantes, mucho menos que sugieran la insolvencia que da lugar a excusar el pago de la fianza para apelar.

Al afirmar lo anterior, lo hacemos tomando en consideración el hecho de que, a pesar de la ausencia de los apelantes en todas las vistas conducidas ante el TPI, estos siempre estuvieron debidamente representados por su abogada, a quien, además, se le proveyó oportunidad para argumentar sobre los asuntos que juzgó pertinentes. Entre tales asuntos de importancia, del récord judicial no surge que la representación legal de los apelantes hiciera alusión o mencionara la condición económica de sus representados, menos aún que abordara una presunta insolvencia económica. Además, visto que el proceso en contra de los apelantes era uno sobre desahucio, –que incluye entre sus características particulares la imposición y pago de una fianza como condición previa a la presentación de un recurso de apelación–, resultaba del todo previsible la importancia de establecer **ante el TPI** la condición económica de estos para fines de una determinación sobre fianza, pero no se hizo. Como enfatizamos, por

virtud de la aprobación de la Ley Núm. 378-2000, la cual enmendó el Art. 630 el Código de Enjuiciamiento Civil, *supra*, se dispuso que fuera el TPI, y no el Tribunal de Apelaciones, quien determinara la cuantía de la fianza. *ATPR v. SLG Volmar-Mathiieu*, supra, pág. 12.

Sobre lo mismo, cabe aquí distinguir que, en *Crespo Quiñones v. Santiago Velázquez*, supra, pág. 415, el alto foro concluyó que cabía eximir a la allí peticionaria del pago de fianza, por encontrarse en estado de insolvencia económica, **según así surgía de los datos contenidos en el expediente judicial**, (era ama de casa, no generaba ingresos, el exesposo le retenía las mensualidades pactadas en las capitulaciones matrimoniales). A *contrario sensu*, ninguna información parecida hallamos en el expediente del caso ante nuestra consideración que justifique declarar insolvente a los apelantes o sirva para conceder una rebaja en la fianza impuesta. Si alguna información cupiera deducir del expediente judicial es que los apelantes se encontraban cumpliendo con el pago del canon de arrendamiento hasta justo antes del inicio de la causa de acción, y que contaban con representación legal privada.[7]

En definitiva, el expediente judicial está huérfano de prueba o datos que sirvan para sostener que los apelantes estuvieran impedidos de pagar la fianza determinada por el TPI como condición previa para apelar o justificara su rebaja. La mera alegación de que la cuantía era excesiva, sin referencia a información del expediente que ayudara a discernir la condición económica de los apelantes, imposibilita que admitamos su insolvencia económica como causa para excusar el pago de la fianza impuesta u ordenar una rebaja en esta. En consecuencia, los apelantes estaban obligados a consignar el pago de la fianza determinada por el foro primario, que, al omitirlo, nos privó de jurisdicción para admitir los recursos de apelación presentados.

---

[7] En una muy reciente Sentencia de nuestro Tribunal Supremo, *Reyes Santaella v. Toledo Santana*, 2025 TSPR 76, el alto foro se reiteró en el razonamiento de que, para eximir una parte del pago de fianza, la insolvencia económica debía surgir del expediente judicial. La allí peticionaria reclamó la exención del pago de fianza, **por haber sido legalmente representada por la Clínica de Asistencia Legal de la Universidad Interamericana de Puerto Rico y la Oficina Legal de la Comunidad, Inc**.

Habiendo determinado que no tenemos jurisdicción sobre este recurso, debemos así declararlo y proceder a desestimarlo pues no tenemos discreción para asumir jurisdicción donde no la hay. *Mun. San Sebastián v. QMC*, supra; *Yumac Home v. Empresas Massó*, supra.

**IV. Parte dispositiva**

Por los fundamentos expuestos, *desestimamos* los recursos de *apelación* consolidados.

Lo acordó el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones